UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | No. 3:12CR27(1)TSB |
| | ) | |
| **Plaintiff,** | ) | PLEA AGREEMENT FOR DEFENDANT |
| | ) | KESI SPEAR |
| v. | ) | |
| | ) | |
| **KESI SPEAR,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Defendant Kesi Spear ("defendant"), individually and through her attorney, F. Arthur Mullins, and plaintiff United States of America, by and through its attorney, the United States Attorney's Office for the Southern District of Ohio ("USAO"), (collectively, "the parties") hereby agree as follows:

## PLEA

1. Defendant agrees to plead guilty to Count One (making of false, fictitious, and fraudulent claims to the United States, in violation of Title 18, United States Code, Section 287) of the superseding indictment in this case. Defendant admits that she is, in fact, guilty of the offense charged in Count One of the superseding indictment, and that the Statement of Facts, which is attached hereto as Exhibit A and incorporated herein by reference, is true and correct.

## STATUTORY PENALTIES AND SENTENCING

2. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 287 is: 5 years imprisonment; a 3-year period of supervised

1

release; a fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

3. Defendant understands that defendant will be required to pay full restitution to the victims of the offense. Defendant agrees that defendant will not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

4. Defendant understands that the Court is required to consider the United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") among other factors in determining defendant's sentence. Defendant understands, however, that the Sentencing Guidelines are only advisory, and that after considering the Sentencing Guidelines, the Court may be free to exercise its discretion to impose any sentence – including the maximum set by statute for the crime of conviction – that is sufficient, but not greater than necessary, to comply with the basic aims of sentencing.

5. The parties reserve the right to argue and offer supporting evidence that other specific offense characteristics, adjustments and departures are appropriate, as well as offer evidence and argument relating to the factors of sentencing set forth in 18 U.S.C. § 3553(a). Defendant understands that the Probation Office's recommendations do not bind the Court and that the parties' recommendations or agreements do not bind the Court or the Probation Office. Defendant understands that, if the Court does not follow any of the parties' recommendations or agreements made by the parties, she does not have the right to withdraw her plea of guilty. Defendant understands and acknowledges that she could receive up to the maximum penalties provided by law if the Court so determines.

//

## DEFENDANT'S OBLIGATIONS

6. Defendant agrees that she will plead guilty as set forth in this agreement and will pay to the United States Clerk of Court, prior to, or at the time of sentencing, the mandatory special assessments in this case.

7. Defendant further agrees that she is not a prevailing party as defined by the Hyde Amendment, Public Law 105-119, Title VI, Nov. 26, 1997 (set forth as a statutory note under 18 U.S.C. § 3006A) and hereby expressly waives filing any suit or asserting any claim against the United States, including its agents and employees, under this provision.

## THE USAO'S OBLIGATIONS

8. If defendant complies fully with all defendant's obligations under this agreement, the USAO agrees that, at the time of sentencing:

a) Not to file additional criminal charges against defendant for violations both occurring in the Southern District of Ohio during the time period charged in Counts One through Seven of the superseding indictment and arising out of the facts set forth in the attached Statement of Facts. Defendant understands that the USAO is free to prosecute defendant for any unrelated, unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

b) At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, to recommend a two-level reduction in the applicable sentencing guideline offense level, pursuant to U.S.S.G. § 3E1.1, and to recommend and, if necessary, move for an additional one-level reduction if available under that section.

c) At the time of sentencing, to move to dismiss Counts Two through Eight of the indictment. Defendant understands that the Court may consider dismissed and uncharged counts in determining the applicable Sentencing Guidelines range, where the sentence should fall within that range, the propriety and extent of any departure from that range, and the determination of the sentence to be imposed after consideration of the sentencing guidelines and all other relevant factors.

## NO OTHER AGREEMENTS

9. Except as set forth herein, there are no promises, understandings or agreements between the USAO and defendant or defendant's counsel. This agreement binds only the USAO and does not bind any other federal, state or local prosecuting authority.

//
//
//
//
//
//
//
//
//
//
//

## DEFENDANT'S ACKNOWLEDGMENT

10. By signing this agreement, the defendant acknowledges that she has read this agreement, that she has carefully discussed the terms of this agreement with her attorney, and that she understands and accepts those terms voluntarily, without duress or coercion, and of her own free will. Defendant further agrees that she is satisfied with the representation of her attorney in this matter.

CARTER M. STEWART
United States Attorney

_For_ *Dwight K. Kelly*             12 April 2012
Brent G. Tabacchi                      Date
Assistant United States Attorney

_Kesi Spear_                    12 April 2012
Kesi Spear                       Date
Defendant

                              4-12-12
F. Arthur Mullins                      Date
Attorney for Defendant

# Exhibit A

## Statement of Facts for Kesi Spear

During 2009, while working as a tax return preparer in Montgomery County, Ohio, defendant Kesi Spear helped multiple people submit to the Internal Revenue Service ("IRS") false and fraudulent claims, totaling thousands of dollars. In particular, during this time, Ms. Spear prepared for people in the Dayton area false personal income tax returns that fraudulently inflated their personal income as well as the amount of federal income taxes that they allegedly had paid to the IRS. In doing so, Ms. Spear intended for people to file the false returns to assist them claim income tax refunds from the IRS to which they were not entitled.

As part of this scheme, on or about January 16, 2009, Ms. Spear prepared and caused to be filed with the IRS a false tax return in the name of an individual identified herein by the initials A.G.S.. At the time Ms. Spear prepared the return, she knew that it falsely claimed on behalf of A.G.S. a $3,523 tax refund from the IRS.

For the information of the Court, the IRS is a division of the United States Treasury Department.

AGREED AND ACCEPTED:

_____
Kesi Spear
Defendant

_____
Date